

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00291-CR

**CURTIS BURL FAULKNER, JR.,**

                                           **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                           **Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 30445-CR

## MEMORANDUM OPINION

Curtis Faulkner, Jr. was charged with evading arrest or detention, enhanced with a prior evading conviction. TEX. PENAL CODE ANN. § 38.04(b)(2) (Vernon 2003). A jury found him guilty and assessed punishment at 5 years in prison and a $1,500 fine. Faulkner appeals. Because the evidence is legally and factually sufficient to support the conviction, the trial court's judgment is affirmed.

### LEGAL AND FACTUAL SUFFICIENCY OF THE EVIDENCE

Faulkner argues on appeal that (1) the trial court erred in overruling his motion for instructed verdict, and (2) the evidence is both legally and factually insufficient to

support the conviction. Specifically, he argues that the evidence was insufficient to prove that he had knowledge of the attempted detention or that he intentionally fled from the Department of Public Safety trooper.

A complaint about a trial court's failure to grant a motion for directed verdict is a challenge to the legal sufficiency of the evidence. *Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003); *Long v. State*, 137 S.W.3d 726, 736 (Tex. App.—Waco 2004, pet ref'd). Therefore, we combine Faulkner's first issue with the legal sufficiency complaint within his second issue and review the legal and factual sufficiency of the evidence.

*Standard of Review*

In reviewing the legal sufficiency of the evidence, this Court looks at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *Bigon v. State*, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008). The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

"Only one question is to be answered in a factual-sufficiency review: Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Grotti v. State*, No. PD-134-07, 2008 Tex. Crim. App. LEXIS 761, *23 (Tex. Crim. App. June 25, 2008). The verdict may be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly

wrong and unjust. *Id*. at *14. A reversal for factual insufficiency cannot occur when "the greater weight and preponderance of the evidence actually favors conviction." *Id*. at *24. *Malik's* rule of measuring evidentiary sufficiency "by the elements of the offense as defined by a hypothetically correct jury charge" also applies when the evidence is reviewed for factual sufficiency. *Wooley v. State*, No. PD-0861-07, 2008 Tex. Crim. App. LEXIS 762 (Tex. Crim. App. June 25, 2008).

*Facts*

Trooper Ronnie Hubbell, with the Texas Department of Public Safety, was patrolling, in a marked unit, northbound on Interstate 45 in Navarro County, Texas. He noticed a red Mitsubishi Eclipse traveling southbound at a high rate of speed. He checked the vehicle's speed with radar which indicated it was traveling at 90 miles per hour. When the vehicle passed Hubbell, he checked the speed again and the vehicle was shown to be traveling at 92 miles per hour. Hubbell activated his overhead lights and sirens and crossed the median to pursue the vehicle. The vehicle continued to travel at a high rate of speed and swerved in and out of traffic. Hubbell reached speeds in excess of 110 miles per hour in an effort to catch up with the vehicle. He was never able to position his unit directly behind the vehicle. In Hubbell's opinion, the vehicle continued to accelerate during Hubbell's attempt to detain it.

Hubbell saw the vehicle exit the interstate and pull into the parking lot of a hotel. To reach the hotel, the vehicle had to pass two gas stations and a couple of fast-food restaurants. Hubble also exited the interstate. He could not see the occupants of the vehicle leave it because the hotel blocked his view. He pulled into the parking lot

where he saw the vehicle parked haphazardly. He saw steam or smoke coming from under the hood. The hood felt very hot. Hubble entered the hotel lobby where he asked if anyone had just come in hurriedly. He was told that a man had run toward the restroom area. Hubbell instructed the person to exit the restroom, and after a few moments, Faulkner exited the restroom. Faulkner admitted to Hubbell that he had been driving the vehicle. Based on his training and experience, Hubbell believed Faulkner was evading and intentionally not pulling over for Hubbell on the interstate.

Faulkner agreed that he was speeding but stated that he was not aware that the trooper was trying to pull him over. He said he had not bothered to look in his rearview or side mirrors except to change lanes or to exit the interstate. The car belonged to the father of the passenger riding with Faulkner. Faulkner stated that he exited the interstate because the car was overheating due to the way he was driving it. Faulkner also stated that he stopped because he had to use the bathroom. He thought gas station bathrooms were filthy. He also said that he just stopped at the first place he saw.

The jury heard that Faulkner had been convicted previously for two offenses of burglary of a motor vehicle and for one offense of evading detention.

*Application*

Reviewing the evidence under the appropriate standards, we find the evidence both legally and factually sufficient to prove that Faulkner had knowledge of the attempted detention and that he intentionally fled from Trooper Hubbell. Faulkner's two issues on appeal are overruled.

## CONCLUSION

Having overruled the issues on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed February 11, 2009
Do not publish
[CR25]